FILED

2026 May-08  PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **KAREEM YOUNG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **7:24-CV-8024-EGL** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

Kareem Young pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Young*, No. 21-11907, 2023 WL 6213488, at *1 (11th Cir. Sept. 25, 2023). He was sentenced under the Armed Career Criminal Act (ACCA) to 188 months in prison, to be followed by 60 months of supervised release. *Id.* at *7. The Eleventh Circuit affirmed his conviction and sentence. *Id.* In November 2024, Young filed a petition pursuant to 28 U.S.C. § 2255, asking the Court to vacate his sentence. Doc. 1. After that petition was fully briefed, Young filed multiple proposed amendments, seeking to add grounds for relief. For the reasons below, his motion (Doc. 1) is **DENIED**, his Motion to Expedite (Doc. 18) is **DENIED AS MOOT**, and the Court **DENIES** leave to amend.

**BACKGROUND**

On March 8, 2017, officers arrested Young for violating the State Firearms Act and driving under the influence. CR. Doc. 134 at 7.[1] Officers made the arrest after responding to a traffic accident call, where Young was apparently unconscious inside a vehicle that had run into a utility pole. *Id.* Young appeared to have a difficult time understanding the officers, slurred speech, could not stand up without assistance, and later admitted that he had been drinking and had "taken a few Lortabs." *Id.* The officers found a SCCY 9mm pistol in his waistband. *Id.*

Young was indicted in November 2017 on a charge of possessing a firearm as a convicted felon in violation of 18 U.S.C. 922(g)(1). *See* CR. Doc. 1. Federal public defenders Kevin Butler, James Gibson, and Allison Case appeared on behalf of Young, with Case representing Young at his hearings. CR. Docs. 9, 10. In May 2018, Young entered into a plea agreement and pleaded guilty to the 922(g) charge. CR. Docs. 15, 16; *see generally* CR. Doc. 40. Young acknowledged that if the ACCA applied to him, "the range of imprisonment becomes not less than 15 years and not more than [l]ife imprisonment." CR. Doc. 16 at 2. Young's sentencing was set for September 27, 2018. CR. Doc. 17.

---

[1] "Doc." citations refer to docket entries in Young's civil case, No. 7:24-CV-8024; "CR. Doc." citations refer to docket entries in Young's criminal case, No. 7:17-CR-522.

Butler, Case, and Gibson withdrew from representing Young before his sentencing based on a potential conflict. CR. Docs. 18, 19. The Court appointed Jason Neff to represent Young and reset his sentencing for December 11, 2018. CR. Doc. 20. Young filed a motion to withdraw his plea, alleging that he pleaded guilty in response to threats from his family and false representations from Case. *See* CR. Doc. 23. He further argued that Neff was ineffective for failing to file objections and motions Young had suggested. *Id.* at 3. After a hearing, the Court allowed Neff to withdraw, appointed Stuart Albea to represent Young, and reset his sentencing for March 26, 2019. CR. Docs. 24-26.

Young moved for a hearing on his motion to withdraw his guilty plea and filed a motion to determine his competency both currently and at the time he entered the plea. CR. Docs. 28, 35. The Court ordered that Young be examined by Dr. Kimberly Ackerson, a forensic psychologist. CR. Doc. 39 at 1-2. Dr. Ackerson noted concern regarding Young's competency and recommended that he undergo a comprehensive psychiatric evaluation. CR. Doc. 43 at 7. Young was transferred to the federal detention center at SeaTac, Washington, and evaluated by forensic psychologist Dr. Cynthia Low over the course of two months. *See* CR. Docs. 45, 47-48. Dr. Low filed two reports—one addressing his competency to enter the guilty plea, and one addressing his mental state at the time of the offense. CR. Doc. 47 at 3. Dr. Low concluded there was "no evidence to indicate the defendant suffered from a mental

3

disorder or disease at the time of his change of plea hearing on May 15, 2018," *id.* at 28, and there was "no evidence to indicate the defendant suffers from a mental disorder or disease that would substantially impair his present ability to understand the nature and consequences of the court proceedings brought against him," *id.* at 26. She further concluded that Young's symptoms indicated antisocial personality disorder, substance-related disorder, and malingering. *Id.* at 23 ("[Young] is most likely malingering for the purpose of evading criminal prosecution.").

As to his mental state at the time of the offense, Dr. Low concluded there was "no evidence to indicate that Mr. Young suffered from a mental disease or defect that rendered him unable to appreciate the nature, quality or wrongfulness of his actions during the time period of the alleged offense." CR. Doc. 48 at 4. After a competency hearing where Dr. Low testified to these conclusions, the Court entered a lengthy order, finding that Young was competent at the time he entered his guilty plea in May 2018. *See* CR. Doc. 70 at 61. Accordingly, the Court set Young's sentencing for July 29, 2020.

Around this same time, Young filed a *pro se* motion to recuse Albea for ineffective assistance, *see* CR. Doc. 42, and the Court allowed Albea to withdraw, CR. Doc. 77. Young hired Frank Wilson Myers to represent him.

In the meantime, the Supreme Court decided *Rehaif v. United States*, which held that for someone to "knowingly" violate § 922(g), the individual must know

not only that he possessed a firearm, but also that he had the relevant status (e.g., being a felon) when he possessed the firearm. 588 U.S. 225, 227 (2019). Based on *Rehaif*, the grand jury issued a subsequent indictment, charging Young with the same violation of § 922(g)(1), and alleging the additional element. Young pleaded not guilty, and the Court set trial for August 2020. CR. Doc. 76.

Right before his trial began, Young informed the Court he intended to plead not guilty by reason of insanity. CR. Doc. 89. The Court scheduled a pretrial hearing for April 15, 2021, to have Young present the evidence he intended to use to support his insanity defense. CR. Doc. 156 at 3. Other than the medical records already on the docket, Young presented no evidence or testimony to the Court at this hearing. *See generally id.* Myers failed to subpoena any of the twenty-one doctors suggested by Young but argued he would have them at trial the following Monday to testify as to Young's mental state at the time of the offense. *Id.* at 3.[2] After explaining the NGRI standard to Young and what a doctor would have to testify to, the Court said it would still consider allowing the doctors to testify if Myers presented the Court with their proposed testimony the following Monday, when trial was supposed to begin. *See generally id.* As the hearing was wrapping up, Myers indicated that Young wished to enter a blind guilty plea. *Id.* at 42. After a recess to allow Young

---

[2] The only report presented to the Court was a medical report from 2016, but the incident date was March 17, 2018. Doc. 156 at 6-7.

to confer with his counsel, the Court informed Young of his waiver of rights, of the range of punishment, and of the potential ACCA enhancement. After a brief back-and-forth, Young confirmed his desire to plead guilty. *Id.* at 62-66. The Court accepted his plea and set sentencing. CR. Doc. 121.

At the beginning of the sentencing on May 15, 2021, Myers asked the Court to allow him to withdraw from representing Young. CR. Doc. 166 at 3. Young informed the Court that Myers was ineffective for multiple reasons, including his failure to subpoena the doctors and to obtain a new presentence investigation report. *Id.* at 5-6. Young believed he had "been misled by Myers," and stated he was "not pleased with anything." *Id.* at 7. After hearing argument, the Court denied the motion to have Myers replaced. *Id.* at 10. The Court indicated that Young was trying to play games with the system, continuing to hire and fire attorneys to extend the proceedings. *Id.* at 13.

After hearing Young's arguments contesting the PSR, the Court found that Young had at least three separate and distinct qualifying felonies under the ACCA and, based on his status as an armed career criminal, the advisory guideline imprisonment range was a minimum of 188 months up to 235 months. *Id.* at 42; *see also* CR. Doc. 134. The Court sentenced Young to 188 months, the low end of the guidelines range, to be followed by a 60-month period of supervised release. CR. Doc. 166 at 46.

## STANDARD

Under 28 U.S.C. § 2255, federal prisoners may file a motion to vacate, set aside, or correct a sentence that violates the constitution or federal law. "A § 2255 motion … must specify all the grounds of relief and state facts that support each ground." *Castillo v. United States*, No. 2:23-CV-8031, 2025 WL 3017424, at *2 (N.D. Ala. Oct. 28, 2025). If the prisoner "alleges facts that, if true, would entitle him to relief," the court must hold an evidentiary hearing. *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (internal quotation omitted). But "a district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (internal quotations omitted). Having reviewed the record in Young's criminal case and the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because "the files and records of the case conclusively show that [Young] is entitled to no relief." *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) (quoting 28 U.S.C. § 2255(b)).[3]

---

[3] The Court will construe Young's petition "more liberally" than one filed by an attorney due to his *pro se* status. *Aron*, 291 F.3d at 715.

## DISCUSSION

### I.        Young's § 2255 Petition

In November 2024, Young filed a motion pursuant to 28 U.S.C. § 2255, asking the Court to vacate his sentence. *See* Doc. 1. He argues that in light of *Erlinger v. United States*, 602 U.S. 821 (2024), his sentence "now does not meet the criteria for ACCA enhancement." Doc. 1 at 1, 3.

If a defendant is convicted under 922(g), the ACCA increases the prison term he faces to a minimum of 15 years and a maximum of life if he has three prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another." *Erlinger*, 602 U.S. at 825. Young was sentenced under the ACCA based on three prior state convictions, *see* CR. Doc. 134 at 13-19, 23-25, but he contends that two of the qualifying offenses do not count as separate "occasions" under the ACCA because sentences for the offenses were imposed concurrently. And, citing *Erlinger*, he argues that his constitutional rights were violated when the sentencing court found that these felonies were committed on separate occasions.

The Supreme Court's decision in *Erlinger* announced a "new rule," *see Edwards v. Vannoy*, 593 U.S. 255, 265 (2021), holding that a defendant is "entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt." *Erlinger*, 602 U.S. at 835. Newly announced rules do not always

apply retroactively. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). "New *substantive* rules generally apply retroactively," but new procedural rules generally do not. *Id.* at 351-52 (emphasis in original). Indeed, in *Edwards*, the Supreme Court "ma[d]e explicit what ha[d] become increasingly apparent to bench and bar over the last 32 years: New procedural rules do not apply retroactively on federal collateral review." 593 U.S. at 272.

*Erlinger* thus does not apply retroactively on collateral review because it is not a substantive rule. *See, e.g.*, *Cuyler v. United States*, No. 120-CR-36, 2025 WL 1136295, at *6 (S.D. Ga. Mar. 21, 2025) ("[C]ourts in the Eleventh Circuit and elsewhere have unanimously found *Erlinger* does not apply retroactively in § 2225 proceedings."), *report and recommendation adopted*, 2025 WL 1136296 (S.D. Ga. Apr. 16, 2025). To the extent his argument is based on *Erlinger*, therefore, his petition must be denied because the rule announced there is not retroactive.[4]

Young concedes that *Erlinger* is not retroactive but argues that it represents "a principle" that "the U.S. Supreme Court has since reiterated." Doc. 13 at 2; Doc. 14 at 2 (arguing *Erlinger* and *Apprendi* are "supreme court examples of how the

---

[4] Even if *Erlinger* applied retroactively, the separate occasion inquiry was not at issue in Young's case. The Court found that Young's felonies were committed on separate occasions, not based on its own factual findings, but because "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense." U.S. Sent'g Guidelines Manual § 4A1.2 (Nov. 2023). It is undisputed that the felonies at issue were separated by an intervening arrest.

judge cannot violate a defendants 5th/6th constitutional amendments"). To the extent that his argument is based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Young forfeited such a challenge because he did not raise it on direct appeal.[5] *See Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994).

## II.    Proposed Amendments

After his petition was fully briefed, Young filed four "amended" or "supplemental" § 2255 motions, seeking to add new grounds for relief. Docs. 16-17, 19, 21.[6] Since Young did not seek this Court's leave to amend his petition, these amended claims are not properly before the Court. However, the Court will construe his filings as motions requesting leave to amend and determine whether it should give Young leave to allege additional claims.

Federal Rule of Civil Procedure 15, which governs amendments of pleadings, is applicable to § 2255 petitions. *Mabry v. United States*, 336 F. App'x 961, 962-63 (11th Cir. 2009) (citing *Davenport v. United States*, 217 F.3d 1341, 1343 n.4 (11th Cir. 2000)); *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003).

Because Young's "supplemental/amended" motions were filed more than 21 days after Respondent's answer to the § 2255 petition, *see* Docs. 7, 16, he cannot

---

[5] *See infra* 12-16 (discussing procedural default).
[6] Young's most recent amendment was filed in the Central District of California as a § 2241 petition. *See* Doc. 21. The court there found that Young's motion contested the legality of his sentence and therefore should be asserted under § 2255. Doc. 21-15. It then transferred the action to the Northern District of Alabama, and, since this case was pending, his motion was treated a motion to amend and docketed here. *See* Doc. 20.

amend as a matter of right under Rule 15(a)(1), and must instead seek "the opposing party's written consent or the court's leave," FED. R. CIV. P. 15(a)(2). In general, a court should freely allow amendment, but it may deny leave if the proposed amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). "Amendment is futile if the amended complaint still would be subject to dismissal." *Fulton v. Fulton Cnty. Bd. of Comm'r*, 148 F.4th 1224, 1234 (11th Cir. 2025); *Terry v. United States*, No. 20-11928, 2020 WL 4977478, *2 (11th Cir. Aug. 19, 2020) (leave to amend § 2255 motion properly denied when proposed claims were futile).

Young asks for leave to amend his §2255 petition to add the following grounds for relief: (1) miscalculation of his criminal history points, *see* Doc. 16 at 3, 5; Doc. 19 at 10; Doc. 21 at 1-2, 8, 10-11; (2) violation of his Second Amendment rights, *see* Doc. 16 at 1, Doc. 16 at 2 ("duress defense"); (3) ineffective assistance of counsel, *see* Doc. 16 at 1; Doc. 19 at 9; (4) judicial bias, *see* Doc. 19 at 11-13; (5) violation of his Fifth Amendment rights, *see* Doc. 19 at 1; and (6) improper classification and sentencing under the ACCA,[7] Doc. 16 at 3, Doc. 17 at 1-2, Doc. 19 at 1, 3-5, 6.

---

[7] Young challenges his ACCA sentence on multiple grounds. He contends that he was entitled to a jury verdict regarding his prior convictions, Doc. 16 at 3; Doc. 19 at 1, that his prior convictions were concurrent and cannot be classified as separate predicate felonies, Doc. 17 at 1-2, that his prior drug offense is not a "serious drug offense,", and that his state robbery convictions do not qualify as violent felonies, Doc. 19 at 5-6.

The Court will not grant leave to amend because all of Young's proposed amendments are futile. All but one of his claims have been forfeited via procedural default, and his remaining ineffective assistance of counsel claim would otherwise be subject to dismissal.

### A.    Procedural Default

Young asks this Court to vacate his sentence based on a miscalculation of criminal history points, his Second Amendment right to bear arms, his Fifth Amendment right against self-incrimination, judicial bias, or the incorrect enhancement of his sentence under the ACCA. A defendant generally must advance an available challenge to his criminal conviction or sentence on direct appeal or else he is barred from presenting that claim in a § 2255 proceeding. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Young raised a single issue on appeal: whether the district court's denial of his retained counsel's request at sentencing to withdraw violated his Sixth Amendment rights. *Young*, 2023 WL 6213488, at *1. He now asks for relief based on numerous grounds that he could have raised, yet failed to, there. *See generally id.*; *see also generally* Docs. 16-17, 19, 21. Any argument concerning these issues is procedurally barred because Young has not established either of the two exceptions to the procedural default rule. *Lynn*, 365 F.3d at 1234.

A defendant can avoid procedural default by showing "cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." *Id.* Cause exists where "some objective factor external to the defense prevented [Young] or his counsel from raising his claims on direct appeal" and where this factor is not "attributable to [his] own conduct." *Id.* at 1235. "Actual prejudice means more than just the possibility of prejudice; it requires that the error worked to [the petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Fordham v. United States*, 706 F.3d 1345, 1350 (11th Cir. 2013) (quotation omitted) (alteration original). Young does not explain why he or his counsel could not raise these issues on appeal, and he has not demonstrated any actual prejudice arising from that failure. Young had the burden to fulfill these conditions, *Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)), but they are entirely absent from his filings. Young is therefore not entitled to this procedural default exception.

The Court may nevertheless allow Young to avoid procedural default "if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234 (internal quotations omitted). Construing Young's

13

various filings liberally, he alleges "actual innocence" to overcome his procedural default. *See* Doc. 19 at 4, 6.[8]

Young claims actual innocence on two separate grounds. First, he argues that he is "'actually innocent' of the ACCA enhancement." *Id.* at 14. But "the actual innocence exception does not apply to [Young's] claim that he was erroneously sentenced as a career offender." *McKay v. United States*, 657 F.3d 1190, 1200 (11th Cir. 2011). Young has not argued, nor does the record support, that he is factually innocent of any of the predicate crimes; he only "makes the purely *legal* argument that he is actually innocent of his career offender sentence," *id.* at 1199, because his prior offenses are not separate predicate felonies, his state drug conviction does not qualify as a "serious drug offense," and his state robbery convictions are not serious violent felonies under the ACCA, *see* Doc. 19 at 1-6. The Eleventh Circuit explicitly declined to extend the actual innocence exception to claims like these, and Young's claim of "legal, rather than factual, innocence" thus does not "fall within the actual innocence exception's purview." *McKay*, 657 F.3d at 1198.

Second, Young claims actual innocence from his federal gun charge because of *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022).[9] *See* Doc.

---

[8] Young does not plead actual innocence as an exception to procedural default, but, based on his status as a *pro se* litigant, the Court will consider whether his "actual innocence" allegations are sufficient to excuse his procedural error.

[9] Young attempts to assert "actual innocence" as standalone claim, arguing that he "is actually innocent of his federal charges[.]" Doc. 19 at 6. In general, a petitioner cannot assert a standalone claim of actual innocence. *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005)

14

19 at 6. The actual innocence exception is "exceedingly narrow in scope" as it concerns "a petitioner's 'actual' innocence rather than his 'legal' innocence." *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)). Young's argument is one of legal innocence and therefore does not satisfy this exception. He contends that 18 U.S.C. § 922(g)(1) is unconstitutional under *Bruen* and thus his conviction violated his Second Amendment rights. Doc. 16 at 1; *see also* Doc. 19 at 5-6. Young does not assert a claim for factual innocence, and, based on the record, any such claim would be meritless.[10] Young has not alleged, here or in his criminal proceedings, that "he had no knowledge of being a convicted felon when he possessed the firearm." *Whittle v. United States*, No. 2:20-CV-594, 2023 WL 3071092, at *2 (M.D. Ala. Feb. 24, 2023), *report and recommendation adopted*, 2023 WL 3063817 (M.D. Ala. Apr. 24, 2023).

Young fails to allege cause or prejudice for his failure to raise these issues on direct appeal. And while Young appears to make a claim of actual innocence, he alleges only legal innocence, which does not satisfy this "*narrow* exception."

---

("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [the] failure timely to file [a] § 2255 motion."). The Court will therefore consider whether the allegations overcome procedural default.

[10] Young's argument is also wrong. The Eleventh Circuit held that neither *Rahimi* nor *Bruen* abrogated its previous holding that § 922(g)(1) is constitutional under the Second Amendment. *See United States v. Dubois*, 139 F.4th 887, 889 (11th Cir. 2025), *cert. denied*, 223 L. Ed. 2d 570 (Jan. 20, 2026).

*McKay*, 657 F.3d at 1198. The Court will therefore **DENY** Young's request for leave to amend to add these claims because, based on procedural default, any such amendment would be futile.

### B.    Ineffective-Assistance-of-Counsel Claim

Young wishes to amend his petition to add an ineffective-assistance-of-counsel claim, alleging Wilson Myers, his counsel at sentencing, was ineffective for multiple reasons. Though his failure to raise such a claim on direct appeal does not bar it here, *see Massaro v. United* States, 538 U.S. 500, 509 (2003), the Court must still consider whether such an amendment would be futile.

The Sixth Amendment guarantees effective assistance of counsel to criminal defendants. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An ineffective-assistance claim requires showing that counsel's performance was deficient and that the defendant suffered prejudice. *See id.* at 687. For deficient performance, the defendant must show his "representation fell below an objective standard of reasonableness." *Id.* at 688. There is a "strong presumption" that counsel performed reasonably. *Id.* at 689.  For prejudice, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome," not a preponderance, *id.* at 693-94, but the difference "rare[ly]" matters, *id.* at 697.

Amendment to add an ineffective-assistance-of-counsel claim is futile when a petitioner provides only conclusory allegations unsupported by specifics. *Thomas v. United States*, No. 24-CV-1846, 2024 WL 4434130, at *1 (S.D. Ill. Oct. 7, 2024). Young has not proposed any viable ineffective assistance claim, and the Court will therefore **DENY** leave to amend to add such a claim.

### 1. ACCA Classification

Young alleges that Myers was ineffective based on his failure to "correct or challenge the predicates used for the ACCA enhancement." Doc. 16 at 1. This proposed claim is meritless, as Young does not allege, nor could he establish, deficient performance or prejudice. The record clearly indicates that Myers *did* challenge the ACCA enhancement. CR. Doc. 166 at 21-22, 25, 28; CR. Doc. 133 at 3-5. "Counsel cannot possibly be ineffective for actually raising the arguments that Defendant claims he did not raise." *See Morales v. Sec'y, Dep't of Corr.*, No. 8:21-CV-1846, 2024 WL 3540328, at *10 (M.D. Fla. July 25, 2024). Even assuming that Young is claiming Myers should have raised additional arguments against the ACCA enhancement, the proposed amendment is entirely void of allegations supporting deficient performance or prejudice.

### 2. Medical Records and Mental Health Variance

Young alleges that Myers failed to present medical records from Indian Rivers Mental Health Center, to include those records in Young's PSR, or to move for a

downward departure based on mental-health considerations. Doc. 16 at 1; Doc 19 at 9-10. There is no basis for these claims. Young's entire medical record from Indian Rivers is in the record, *see* CR. Doc. 65, and, contrary to Young's contention, the PSR explains that he received treatment at Indian Rivers, *see* CR. Doc. 134 at 31-33.

As to the downward variance, Myers raised this issue before the Court. CR. Doc. 166 at 50. Young clearly cannot establish deficient performance when Myers (or previous counsel) made the arguments he claims they should have made. Further, there is no allegation as to prejudice, nor could there be. Young cannot show that the result of the proceeding would have been different when his counsel took the very action he claims would have changed the outcome.

Young alleges that Myers "did not subpoena or present medical records and testimony from the Indian Rivers Mental Health Center, which could have established that Petitioner was suffering from a mental disease or defect at the time of the offense." Doc. 16 at 1. The Court already noted that those medical records were on the docket. As to the subpoenas, Young has not made a clear argument, but based on the attachments to one of the supplemental motions, Doc. 19 at 27-47, the Court will assume he is challenging Myers's failure to subpoena doctors for the pretrial hearing.

After Young informed the Court of his intent to plead not guilty by reason of insanity, the Court held a pretrial hearing to receive any evidence Young intended to use to prove his mental state at the time of the offense. *See generally* CR. Doc. 156. Myers told the Court that he had contacted the doctors he intended to use at trial and none of them were willing to come to the hearing. *Id.* at 3. The Court expressed frustration with Myers's failure to have the doctors at that hearing, and Myers explained that he "wanted to make sure that [the doctor] would in fact support what we were asking her to support." *Id.* at 11. The Court explained to Young that it would still consider allowing the doctors to testify at trial even though Myers had not subpoenaed them for the hearing. *Id.* at 22.

Young does not allege, must less establish, either prong of *Strickland*. Even construing his vague allegations liberally, he "offers only speculation that the missing witnesses would have been helpful," which is "insufficient to carry [his] burden." *Johnson*, 256 F.3d at 1187 (internal quotation marks omitted). There are therefore no facts supporting the claim that Myers was ineffective.

Young has the burden to show a "'reasonable probability' that the result would have been different," *Strickland*, 466 U.S. at 694, but his conclusory allegations fail to suggest prejudice.[11] He has provided nothing to support his proposed amendment,

---

[11]Young does not allege prejudice. Does he contend that he would not have pleaded guilty? Would he have continued to trial? Does he think his insanity defense would have been successful with the

and thus his claim would be subject to dismissal and therefore futile. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

### 3.  Motion to Suppress

Young alleges ineffectiveness based on Myers's "fail[ure] to file motions to suppress evidence obtained from the arrest, including failing to challenge the violation of [Young's] Miranda rights by the arresting officers." Doc. 16 at 1. That sentence is the only support for his claim.

As stated, the burden is on Young to show both that Myers's performance was objectively unreasonable and that Young was prejudiced by it. *Strickland*, 466 U.S. at 687. Young provides no argument or factual basis for the Court to determine whether Myers's alleged failure to file a motion to suppress was unreasonable, or whether such a motion had any likelihood of affecting Young's sentence. And, on the record before it, the Court sees no indication that a motion to suppress would have been fruitful. The only argument Young provides is that Myers failed "to challenge the violation of Young's Miranda rights." Doc. 16 at 1.

Like his other claims, Young's conclusory allegation fails to show deficient performance by Myers or any resulting prejudice. The Court therefore will **DENY** leave to amend because this amendment would be futile.

---

assistance of these doctors? Where the burden is on Young, the Court will not guess at what the resulting prejudice might have been.

## CONCLUSION

The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**. Young filed numerous proposed amendments after his motion was fully briefed. For the reasons explained above, the Court **DENIES LEAVE** to amend. The Motion to Expedite (Doc. 18) is **DENIED AS MOOT**. Judgment will be entered by separate order.

The Clerk of Court is **DIRECTED** to mail a copy of this order to Young at his address of record.

**DONE** and **ORDERED** this 8th day of May, 2026.

_____

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE

21